## Joseph B. Campbell v. Joseph B. Workman, et al.

1. CONTRACT—*when unauthorized by board of supervisors.* A board of supervisors in a county under township organization has not power, in the absence of a specific grant, to enter into a contract with a person to search for and unearth property omitted from taxation in former years.

Bill for injunction, etc. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

F. K. DUNN, G. F. REARICK and O. M. JONES, for appellant.

J. B. MANN and SWALLOW & SWALLOW, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

At their March meeting, 1903, the board of supervisors of Vermilion county, which county is under township organization, entered into a contract with appellee, Workman, whereby Workman agreed to examine the records of said county, and other counties, for the purpose of discovering personal property subject to taxation in said county which had escaped assessment and taxation, and to report the same to the proper officers for assessment and taxation. By such contract, Workman was to receive in full payment for his services, including all expenses of litigation growing out of the contract, 33 1-3 per cent of all moneys collected and paid into the county treasury on the property discovered and reported by him, payable after the same was collected, upon his presenting to the board of supervisors, lists of said property, and the amount of taxes collected thereon. It was further provided that Workman should execute a bond in the sum of $75,000, conditioned that he should faithfully perform the contract, and indemnify said county against any costs that might be rendered against it in any matter pertaining to said contract. On September 15, 1904, Workman presented a claim to the board of supervisors for $3,040.57, being one-third of $9,121.71, claimed by him to have been collected and paid into the county treasury of Vermilion county as taxes on omitted and unassessed taxable property discovered and reported by him in pursuance of his agreement. The board of supervisors allowed the claim and ordered its payment by the treasurer, whereupon appellant, a resident and taxpayer in Danville, in said county, in behalf of himself and all other taxpayers of said county, filed a bill for an injunction to restrain the payment of said money and praying that said agreement be declared ille-

gal, champertous and void and the same be set aside. The court sustained a demurrer by the defendants to the bill and complainant electing to stand thereby, it was dismissed by the court for want of equity. The complainant appeals and insists that the Circuit Court erred in sustaining the demurrer to the bill, in holding the agreement set forth in the bill to be legal and valid, and in dismissing the bill.

The case of Stevens v. County of Henry, 218 Ill., 468, is decisive of the questions here involved. It is there held that the board of supervisors in a county under township organization, has no power, in the absence of a specific grant, to enter into a contract with a person to search for and unearth property omitted for taxation in former years, since that duty rests on the board of review, and its performance, in case of a failure or refusal to act, may be compelled in an action at law. The decree is therefore reversed and the cause remanded with directions to the Circuit Court to proceed in accordance with the foregoing views.

*Reversed and remanded.*